Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge If Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7631 | **DATE** | 5/13/2003 |
| **CASE TITLE** | Oakwood Laboratories vs. TAP Pharmaceutical Products | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Defendants' Motion to Compel Plaintiffs to Produce Documents [#95] is **denied**. Status hearing set for **6/6/03 at 9:00 a.m.** *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 9 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 14 2003 | |
| | Notified counsel by telephone. | | date docketed | 105 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 5/13/2003 | |
| | | | date mailed notice | |
| | FT/*decy* | courtroom deputy's initials | 03 MAY 13 PM 2:41 | FT |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 1 4 2003

| | | |
|---|---|---|
| OAKWOOD LABORATORIES, L.L.C., and UNIVERSITY OF KENTUCKY RESEARCH FOUNDATION | ) ) ) ) | Case No. 01C 7631 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge David H. Coar |
| TAP PHARMACEUTICAL PRODUCTS, INC., TAP HOLDINGS, INC., TAKEDA CHEMICAL INDUSTRIES, LTD., and ABBOTT LABORATORIES, | ) ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Defendants, TAP Pharmaceutical Products, Inc., TAP Holdings, Inc., Takeda Chemical Industries, Ltd., and Abbott Laboratories, move the Court for an order compelling the Plaintiffs, Oakwood Laboratories, L.L.C. and University of Kentucky Research Foundation, to produce certain documents, which Plaintiffs argue are protected under the attorney-client privilege. For the reasons set forth below, Defendants' motion is denied.

### BACKGROUND

Plaintiffs brought an action against Defendants, charging that Defendants' Lupron-Depot products willfully infringe Plaintiffs' '542 patent (the "'542 Patent"). Defendants sought

105

discovery of certain documents and information, which they claim relate to the present litigation, but which Plaintiffs argue are protected by the attorney-client privilege. Defendants counter that any privilege attached to these documents has been waived by Plaintiffs in connection with another lawsuit between the parties that was brought in the Northern District of Ohio (the "Ohio Litigation").

In the Ohio Litigation, the tables were turned, and it was Defendant Takeda that accused Plaintiff Oakwood of willful infringement of Takeda's patents. Oakwood filed an ANDA[1] with the United States Food and Drug Administration ("FDA") for approval to produce and market a generic copy of Takeda's Lupron-Depot product. Relying on the advice of counsel affirmative defense, Oakwood voluntarily produced opinions of its counsel, Richard Sharpe, which discussed its 30-day sustained release leuprolide acetate generic products and whether it infringed Takeda's patent.

---

[1] "ANDA" is an acronym for Abbreviated New Drug Application, and is filed with the FDA by a generic drug company to obtain approval for a generic drug. 21 U.S.C. § 355(j). The ANDA must be for the same drug that has been approved by the FDA, or it must be for a drug that is the bioequivalent of a drug that has been approved by the FDA. 21 U.S.C. § 355(j)(2).

The Court has conducted a thorough *in camera* inspection of the documents at issue in this motion. The Court determines that the documents at issue herein are protected by the attorney-client privilege, that the privilege has not been waived as to these documents, and that the documents, therefore, are not discoverable in the present litigation.

**DISCUSSION**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party may file a motion to compel discovery when the other party fails to respond to a discovery request.[2] *See* FED. R. CIV. P. 37(a)(2). The Court has broad discretion in ruling on discovery motions. *Videojet Sys. Int'l, Inc. v Inkjet, Inc.*, No. 95 C 7016, 1997 WL 138008, at *1 (N.D. Ill. Mar. 19, 1997). Parties may obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter" of the action. FED. R. CIV. P. 26(b)(1).

When a client seeks legal advice from his attorney, all such communications are privileged unless the privilege is waived. *U.S. v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983). A waiver occurs if the party relies on the opinion of counsel to defend

---

[2] The Court is satisfied that both parties have attempted to resolve their discovery dispute in good faith in accordance with the requirements of Local Rule 37.2.

3

against a willful infringement claim in a patent action. *Keyes Fibre Co., v. Packaging Corp. of Am.*, 763 F. Supp. 374, 376 (N.D. Ill. 1991). The waiver extends to all "communications and documents on the same subject matter related to the legal advice relied upon." *The Thermos Co. v. Starbucks Corp. & Pac. Mkt., Inc.*, No. 96 C 3833, 1998 WL 781120, at *1 (Nov. 3, 1998). The reasoning behind the waiver is that a party should not be allowed to "claim reliance on the advice of counsel and, at the same time, conceal the full nature and extent of that advice." *Id.*

However, only information "calling for a legal opinion or interpretation" is protected. *W.R. Grace & Co.-Conn. v. Viskase Corp.*, No. 90-5383, 1991 WL 141131, at *1 (N.D. Ill. July 23, 1991). The "privilege does not protect technical information such as the results of research, tests, and experiments communicated to the attorney. . . ." *Id.* (quoting *Allen Organ Co. v. Conn Organ Corp*, 204 U.S.P.Q. 1049, 1050 (N. D. Ill. 1979)). Further, the attorney-client privilege is narrowly construed, and the party asserting the privilege bears the burden to establish that the privilege exists. *Lawless*, at 487.

The Court has reviewed the contested documents described in Plaintiffs' privilege log and concludes that such documents are protected by the attorney-client privilege. The Court finds that these documents contain either proprietary information relating

to Plaintiffs' patents, or legal opinions or interpretations that were provided by Plaintiffs' counsel at the request of Plaintiffs. Further, it is apparent to the Court that a significant number of these documents were prepared in anticipation of future litigation.[3]

The Court also finds that Plaintiffs privilege log is not deficient and adequately describes the documents under each entry. The contested items in the privilege log generally describe the documents as investigations of Oakwood's microspheres and comparison of those products to TAP's microcapsules, issues relating to patent applications and legal advice provided by counsel; further, most of these items are described as "prepared ...in anticipation of litigation." (See

---

[3] Defendants take issue with Plaintiffs' continuous editing and reworking of its privilege log, which Defendants claim significantly changed the descriptions of the documents with each revision. Further, Defendants argue that certain documents reflecting investigations of the '542 Patent were dated early 1998, prior to and inconsistent with Plaintiffs' claim that it actually commenced investigations in late 1999 or 2000. The Court concludes that the revisions in the privilege log did not significantly change the descriptions of the documents and does not alter the fact that said documents are protected by the attorney-client privilege. Further, the Court deems the inconsistency in the dates immaterial and not probative to a finding of attorney-client privilege. After reviewing the documents, it is clear to the Court that certain of the documents were likely prepared in anticipation of future litigation.

Pls.' Privilege Log). These descriptions are not misleading, as the Court finds that each entry sufficiently describes its corresponding document.

Defendants argue that, even if the documents are protected by the attorney-client privilege, such privilege was waived by disclosing certain information during the Ohio Litigation, including opinions provided by Oakwood's patent counsel, Mr. Sharpe.[4] One of the letters disclosed in the Ohio litigation, dated February 7, 1995, discusses whether an Oakwood product would infringe the Lupron-Depot patent. The letter assumed that, if the '542 Patent was utilized to create Plaintiffs' product, it would not infringe the Lupron-Depot patent. However, the Court notes that the February 7 letter does not provide a legal opinion as to whether the Oakwood product infringed the *'542 Patent*. Instead, it discusses a process used, and subsequently discarded, by Plaintiffs in making its commercial product. (Pls. Rsp. at 4.)

---

[4] Defendants argue that Plaintiffs' claims that its product does not practice the '542 Patent and that any information relating to the matter is privileged, is inconsistent and disingenuous. The Court disagrees and finds that the two issues are mutually exclusive. Issues relating as to why or how a product does not practice a particular patent can be privileged information, and the party is well within its right to assert privilege on such matters. However, whether that information is indeed privileged is a separate matter for the Court. In this case, the Court finds the information to be privileged.

Another letter, dated November 25, 1996, discusses the differences in Plaintiffs' process and Defendants' Lupron-Depot product in relation to a different patent - not the '542 Patent at issue here. Not only does the November 25 letter fail to discuss the '542 patent, but its contents consist solely of an analysis of whether the Oakwood product infringed Defendants' '663 patent - not the patent at issue here.

Finally, in a letter from Mr. Sharpe, dated June 29, 1998, he provides a legal opinion and legal conclusion that Oakwood's process does not infringe Takeda's patent. Mr. Sharpe compares Oakwood's *product* to the Takeda patent, but makes no reference to the '542 Patent. The June letter goes on to discuss the Oakwood product with an analysis of "pours, channels, polymer degradation and swelling." (Defs.' Mot. to Compel at 9.) The Court is not persuaded that the use of certain terms like "pours, channels, and polymer degradation" thereby waives Plaintiffs' privilege to documents relating to the '542 Patent, because such terminology is undoubtedly not exclusive to the '542 Patent.

The Sharpe Opinions clearly waive certain subjects and topics that were otherwise privileged. However, the waiver contemplated by Defendants is too broad. Plaintiffs have waived privileged material relating to the process involved in creating their generic equivalent of Lupron-Depot. However, no waiver has

occurred on the subject of whether Plaintiffs' products infringe the '542 Patent.

The Court finds that the documents in the privilege log relate to investigations and analyses concerning Defendants' infringement of the '542 Patent, not analyses of whether *Plaintiffs'* products infringe the '542 Patent, which Defendants assert. The legal advice disclosed in the Ohio Litigation relates to whether Oakwood's product infringed Takeda's patent. The '542 Patent was not at issue in the Ohio Litigation, and legal opinions concerning the '542 Patent were not disclosed therein. Thus, issues relating to the '542 Patent have not been waived.

Disclosure of legal opinions regarding the Takeda patent in the Ohio Litigation does not automatically waive the privilege surrounding the '542 Patent, because the legal opinions in the Ohio Litigation deal with different patents and different products and the waiver only applies to same patents and same products. *See Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co. Ltd.*, No. 85-7565, 1986 WL 13515, at *2 (N.D. Ill. Nov. 20, 1986). Although cited by Defendants in support of their motion, the *Emhart* court ordered production of privileged documents based on waiver, but the legal opinions disclosed therein dealt with the same patent and same product at issue in the case. *Id.*

However, in the case before the Court, the documents in the Ohio Litigation concerned an entirely different patent than the one at issue here, and the analysis included Plaintiffs infringing Defendants' patent, not Plaintiffs infringing the '542 Patent. Although the attorney-client privilege is narrowly construed, the Court concludes that Plaintiffs have not waived its privilege in relation to the '542 Patent.

**ORDER**

**IT IS HEREBY ORDERED** that, for the reasons set forth above, Defendants' Motion to Compel Plaintiffs to Produce Documents be, and the same hereby is, **DENIED**.

DATED: May 13, 2003

E N T E R:

ARLANDER KEYS
United States Magistrate Judge