# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7631 | **DATE** | 11/13/2003 |
| **CASE TITLE** | Oakwood Laboratories, et. al. vs. TAP Pharmaceutical Products, Inc., et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Reconsideration [213-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Defendants' Motion for Reconsideration of the Court's Decision Granting Summary Judgment Of No Laches [213-1] is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 14 2003 | |
| | Notified counsel by telephone. | | date docketed | 222 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| slf (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OAKWOOD LABORATORIES, L.L.C., )
and UNIVERSITY OF KENTUCKY )
RESEARCH FOUNDATION, )
)
Plaintiffs, )
) No. 01 C 7631
v. )
) HONORABLE DAVID H. COAR
TAP PHARMACEUTICAL PRODUCTS, )
INC., TAP HOLDINGS, INC., TAKEDA )
CHEMICAL INDUSTRIES, LTD., and )
ABBOT LABORATORIES, )
)
Defendants. )

**DOCKETED**

NOV 1 4 2003

## MEMORANDUM OPINION AND ORDER

On October 21, 2003, this Court issued a Memorandum Opinion and Order on Oakwood Laboratories, et. al. ("Plaintiffs") and TAP Pharmaceutical Products, et. al. ("Defendants") cross motions for summary judgment. Oakwood Laboratories, L.L.C. v. TAP Pharmaceutical Products, Inc., No. 01 C 7631, 2003 U.S. Dist. LEXIS 18712 (N.D. Ill. Oct. 21, 2003). Presently at issue is this Court's ruling on the Parties' cross motions for summary judgment on the issue of laches. The Court denied Defendants' motion for partial summary judgment of laches and equitable estoppel [124-1], and granted Plaintiffs' motion for partial summary judgment of no laches or equitable estoppel defense [115-1]. Id. at *97. In their Motion for Reconsideration, the Defendants request that the Court reconsider its ruling barring the Defendants from presenting a laches defense. For the reasons set forth below, the Defendants' Motion for Reconsideration is DENIED.

-1-

# I. Standards for Motions for Reconsideration

Motions for reconsideration should be granted, "to correct manifest errors of law or fact or to present newly discovered evidence." Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd., 736 F.2d 388 (7th Cir. 1984). A motion for reconsideration shall be granted only if the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion for reconsideration would be a controlling or significant change in the law or facts since the submission of the issues to the Court. Such problems rarely arise and the motion to reconsider should be equally rare. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

# II. Analysis[1]

The Defendants argue that the Court erroneously used Defendants' pre-suit ignorance of the '542 patent to find an absence of material prejudice as a matter of law. However, Defendants' argument misconstrues the basis upon which the Court determined that Defendants are precluded from presenting a laches defense. The Court did not indicate that the Defendants' pre-suit ignorance of the '542 patent precludes a laches defense. The Court based its bar of a laches defense in part on the fact that Defendants have made no attempt to produce an alternative design around their product, even in the face of possible infringement. "The defendant bears the

---

[1] For the purposes of this Opinion, the Court will assume familiarity with its October 21, 2003 Opinion.

ultimate burden of persuasion of the affirmative defense of laches...[t]he burden of persuasion does not shift by reason of the patentee's six year delay." A.C. Auckerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020, 1038-39 (Fed. Cir. 1992). Defendants argue that their failure to undertake a design-around of the '542 patent once suit was filed should not have supported a finding of no economic prejudice. However, the Court considered the evidence on the record at the time of the Court's ruling on the Parties' cross motions for summary judgment in concluding that Defendants' failure to provide any evidence of an alternative scheme or plan for changing the structure of their product in the face of infringement weighs in favor of determining that the Defendants suffered no material economic prejudice. This lack of an alternative structure for Defendants' leuprolide acetate products remains a relevant factor in concluding that Defendants are precluded from presenting a laches defense.

The Defendants also argue that the Court failed to consider Defendants' change in economic position in ruling that Defendants were barred, as a matter of law, from presenting a laches defense. Again, the Defendants misconstrue the Court's October 21, 2003 Opinion to stand for the proposition that Defendants' lack of knowledge of the '542 patent was the reason the Court determined that Defendants are precluded from presenting a laches defense. The Court determined that Defendants did not show material economic prejudice because Defendants failed to show that if Plaintiffs had filed suit earlier, the Defendants' economic position would be different. See Gasser Chair Co. v. Infanti Chair Mfg. Corp., 60 F.3d 770, 775 (Fed. Cir. 1995) ("A change in the economic position of the infringer during the period of delay must be as a result of the delay; the infringer must prove that the change in economic position would not have occurred had the patentee filed suit earlier." Id.). Contrary to Defendants' assertion, the Court

did consider the significant capital Defendants invested in their leuprolide acetate products. However, Defendants have not demonstrated that they would have made alternative capital investments had they known about Plaintiffs' suit earlier. Therefore, the Defendants have not demonstrated that their change in economic position would not have occurred if the Plaintiffs filed suit at an earlier date.

### III. Conclusion

The Defendants have failed to bring any newly discovered evidence to the attention of the Court; nor have the Defendants shown that the Court committed a manifest error of law. Therefore, the Court will not reconsider its ruling barring the Defendants from presenting a laches defense. The Defendants' Motion for Reconsideration is DENIED.

Enter:

**David H. Coar**

**United States District Judge**

Dated: November 13, 2003